**STATE, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Christopher E. SCHLEGEL, Respondent.**

**OBAD No. 978.**
**SCBD No. 3682.**

Supreme Court of Oklahoma.

Feb. 19, 1991.

### ORDER

Upon due consideration of a complaint filed in the above-numbered and entitled cause, which alleges the respondent has engaged in acts which constitute professional misconduct and which merit discipline by this Court, and upon review of the pleadings and record filed herein, and being fully advised in the premises, the Court makes the following findings:

Respondent is an attorney, duly licensed to practice law by the Supreme Court of the State of Oklahoma, and is a member of the Oklahoma Bar Association, with his official address at First Floor, The Herriman, 923 North Robinson Avenue, Oklahoma City, Oklahoma 73102.

A hearing herein was regularly conducted before the trial panel of the Professional Responsibility Tribunal, at which hearing both complainant and respondent appeared and presented evidence. As a result of that hearing it has been conclusively shown that respondent engaged in acts which merit professional discipline. Specifically, the Court finds:

Respondent was retained by co-trustees of a certain trust to represent the trust in a civil action. To assist in this representation respondent engaged two other attornies as co-counsel. Respondent asked for, and received from the

trial court, an order that the trust pay the sum of $45,000 as attorney fees. Of this sum, just over $20,000 was designated as fees to be paid to co-counsel.

Respondent did not pay co-counsel from these funds but instead placed them in a bank account which was not an attorney trust account and the money was converted by respondent to his own use.

Respondent was ordered by the court to pay co-counsel and when he failed to do so the trust was ordered to make payment and he was cited for contempt. Though he eventually purged himself of contempt by reimbursing the trust, the incident brought to light a scheme by which respondent had allegedly inflated the fees due to the other attornies in order to obtain money from the trust, and then to use that money to pay restitution on behalf of another client.

These allegations were supported by an affidavit, prepared by respondent and signed by his client, which affidavit said the actual amount of fees due co-counsel was less than $1,000. Since the original application for attorney fees and the affidavit were both prepared by respondent, and since one or the other contained false information, respondent had in one instance or the other practiced fraud upon the court.

Respondent was paid $3,000 by one of the aforesaid co-trustees as advance payment for the purpose of traveling to Texas to take depositions, but he performed none of the promised services and converted the money to his own use. The co-trustee sued to recover this money and was awarded actual and punitive damages against respondent in the amount of $10,000, which judgment is final and unpaid.

At no time since being admitted to the practice of law has respondent maintained an attorney trust account.

Respondent's acts constitute violations of the Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–A (1988), Rules 1.5(a), 3.3(a), 8.4(a), (c) and (d) and 1.15(a).

Because of the serious and deliberate nature of respondent's acts the Court finds that he should be disbarred.

IT IS THEREFORE ORDERED BY THE COURT that respondent, Christopher E. Schlegel is disbarred from the practice of law in the State of Oklahoma.

IT IS FURTHER ORDERED BY THE COURT respondent shall pay all costs of these disciplinary proceedings in the total sum of $1,546.33, and that any consideration of reinstatement of respondent shall be conditioned on the payment thereof.

OPALA, C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in results with whom HODGES, V.C.J. and SIMMS, J. join: I would consolidate this case with SCBD 3617.